United States District Court
For the Northern District of California

1
2
3
4
5
6
7       IN THE UNITED STATES DISTRICT COURT
8       FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10  ROBERT WAGLE,                              No. C-05-1656 MMC
11              Plaintiff,                     **ORDER DIRECTING PLAINTIFF TO
                                               SHOW CAUSE WHY DEFENDANT
12     v.                                      MICHELLE REBER SHOULD NOT BE
                                               DISMISSED**
13  HEARST COMMUNICATIONS, et al.,
14              Defendants                  /
15
16       Before the Court is defendant Hearst Communications' ("Hearst") Notice of
17  Removal, filed April 21, 2005.[1]  In its notice of removal, Hearst asserts the district court has
18  diversity jurisdiction over plaintiff's complaint.  Hearst avers that plaintiff and Hearst are
19  diverse.  The other named defendant, Michelle Reber ("Reber"), plaintiff alleges, is a nurse
20  employed by Hearst; Hearst denies employing a person by that name, but concedes having
21  previously employed a "Jennifer Reber."  In any event, Hearst asserts, the district court
22  should disregard the citizenship of the individual defendant because she is a "sham
23  defendant," (see Notice of Removal ¶ 7), i.e., a fraudulently-joined defendant.
24       "Fraudulent joinder is a term of art."  McCabe v. General Foods Corp., 811 F. 2d
25  1336, 1339 (9th Cir. 1987).  "If the plaintiff fails to state a cause of action against a resident
26  defendant, and the failure is obvious according to the settled rules of the state, the joinder
27  of the resident defendant is fraudulent."  Id.  Where a defendant has been fraudulently
28
---
       [1]On July 8, 2005, the above-titled action was reassigned to the undersigned.

joined as a party, a district court should dismiss such defendant pursuant to Rule 21 of the Federal Rules of Civil Procedure.[2]  See Graphic Resources Group, Inc. v. Honeybaked Ham Co., 51 F. Supp. 2d 822, 829 (E.D. Mich. 1999) (holding where "no reasonable basis" to support claim against non-diverse defendant exists, such defendant is "improperly and fraudulently joined" and should be dismissed as party pursuant to Rule 21).

Here, the sole cause of action alleged against Reber is a claim for retaliation under the Fair Employment and Housing Act ("FEHA").  Plaintiff alleges that after Hearst refused to allow plaintiff to return to work following an injury, plaintiff filed a claim with the Department of Fair Employment and Housing ("DFEH"), alleging a claim of disability discrimination against Hearst, (see Compl. ¶¶ 13, 30), and thereafter Reber "refused to contact [p]laintiff because he filed a charge with the DFEH." (See Compl. ¶ 32.)  Plaintiff has not, however, alleged that Reber subjected plaintiff to an adverse employment action.[3]  Without such an allegation, plaintiff does not state a retaliation claim against Reber under settled California law.  See, e.g., Iwekaogwu v. City of Los Angeles, 75 Cal. App. 4th 803, 814-15 (1999) (holding, to establish claim of retaliation under FEHA, plaintiff must show, inter alia, defendant subjected him to adverse employment action).

Accordingly, plaintiff is hereby ORDERED TO SHOW CAUSE, in writing not to exceed ten pages, exclusive of exhibits, and no later than July 29, 2005, why the individual defendant should not be dismissed pursuant to Rule 21.  Hearst may file a reply to plaintiff's response, not to exceed ten pages, exclusive of exhibits, no later than August 5, 2005.

**IT IS SO ORDERED.**

Dated: July 14, 2005                                      /s/ Maxine M. Chesney
                                                                      MAXINE M. CHESNEY
                                                                      United States District Judge

---

[2] Under Rule 21, a party "may be dropped . . . by order of the court . . . of its own initiative at any stage of the action and on such terms as are just."  See Fed. R. Civ. P. 21.

[3] Plaintiff fails to allege, for example, why Reber would have any obligation to personally contact plaintiff.